# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Bruce Arnoff,** | ) | **CASE NO. 1:20 CV 2668** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Lorain County Jail,** | ) | **and Order of Remand** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This action was removed from the Lorain County Court of Common Pleas by the Defendant. In the *pro se* Complaint, Plaintiff Bruce Arnoff alleges that he slipped and fell in the shower at the Lorain County Jail and sustained injuries for which he received inadequate medical care. He asserts an Eighth Amendment claim under 42 U.S.C. § 1983, and state law claims for negligence and dereliction of duty. Defendant filed a Motion for Judgment on the Pleadings under Federal Civil Procedure Rule 12(c) claiming: (1) the jail is not a legal entity capable of being sued; (2) the jail is immune from damages under Ohio law; (3) Ohio law does not provide a private right of action for dereliction of duty; and (4) Plaintiff does not allege a custom or policy that would allow him to proceed against Lorain County. For the reasons stated below, the Motion in granted only with respect to the federal law claims. The Court declines to accept jurisdiction of the state law claims and will remand those to the state court.

**BACKGROUND**

Plaintiff was detained in the Lorain County Jail in October 2018. He indicates that the shower in the jail occupies an area of approximately 6 feet by 15 feet. He states that the drains excrete black mold and leeches when in use. This makes the showers slippery. He alleges that there are no hand rails or skid strips on the floor to prevents slips or falls. Plaintiff contends that on October 29, 2018, he slipped and fell in the shower and hit his head hard on the floor. He states he was examined at the infirmary for dislocated knuckles and a head injury which included ringing in his ears. He claims the nurse on duty told him nothing was wrong and advised him to take over-the-counter medication for pain. A year later, an audiologist at the Franklin Medical Center informed him that he had torn his eardrum but nothing could be done as the damage was permanent. He claims jail personnel were aware of the slipping hazard in the shower as other inmates had fallen in the past but failed to correct the condition. He asserts that the Defendant was deliberately indifferent to the serious risk to health and safety in the shower in violation of the Eighth Amendment. He also claims the Defendant was negligent and can be charged with dereliction of duty. He seeks monetary damages.

**STANDARD OF REVIEW**

The procedural standard for determining a Motion for Judgment on the Pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Rule 12(b)(6). *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir.1999)). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Defendant first asserts that the Lorain County Jail is not a legal entity capable of being sued. Indeed, a county jail is not *sui juris*, meaning it is not a legal entity under Ohio law that is capable of suing in its own right or being sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Brooks v. Lorain Cty. Jail*, No. 1:20 CV 2384, 2021 WL 252534, at *2 (N.D. Ohio Jan. 26, 2021)(listing cases). It is merely a subunit of Lorain County. It does not have a separate legal existence. As a consequence, Plaintiff's federal claims against the jail fail as a matter of law.

To the extent the Court can liberally construe the claims as asserted against Lorain County, Plaintiff still fails to state a claim. Counties and other bodies of local government may

be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.' " *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). The United States Court of Appeals for the Sixth Circuit has held that a Plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015) ). Plaintiff does not allege facts suggesting the County can be held liable. Although he indicates other jail inmates have fallen in the shower, there is no suggestion that the County lawmakers or officials were aware of this situation or had a policy or custom that led to Plaintiff's injuries. Plaintiff cannot state a claim for relief under 42 U.S.C. § 1983.

Plaintiff's remaining claims of negligence and dereliction of duty are matters of state tort law. Given the dismissal of the federal claim at this early stage, the Court declines to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims, which are better resolved by the Ohio state courts. Generally, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *see also* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d]

original jurisdiction"); *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 2011 WL 1885981 (6th Cir. 2011) (affirming decision of the district court to decline to exercise supplemental jurisdiction and to remand a removed action to state court after dismissal of federal claims).

## CONCLUSION

Accordingly, the Defendant's Motion to Dismiss the Plaintiff's Complaint is granted with respect to the Plaintiffs' alleged federal claim under 42 U.S.C. § 1983, and the Plaintiff's remaining state-law claims will be remanded to the Lorain County Court of Common Pleas. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 3/30/21

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge